Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
MANNING LAW, APC
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com
Attorneys for Plaintiff Louis Do

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant,
HILLSTONE RESTAURANT GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LOUIS DO, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>HILLSTONE RESTAURANT GROUP INC., a Delaware corporation;; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 8:19-cv-01817-DOC-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  October 28, 2019<br>Time: 8:30 a.m.<br><br>Hon. David O. Carter |

Plaintiff Louis Do ("Plaintiff") and Defendant Hillstone Restaurant Group, Inc. ("Defendant"), respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f) Scheduling Report.

**1.     Factual Summary Of The Case And Of Claims And Defenses**

<u>Plaintiff:</u>

Plaintiff is legally blind and cannot use a computer without the assistance of screen-reading software (otherwise known as a "screen-reader"). However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet. Plaintiff visited Hillstone.com (the "Website") on separate occasions using the JAWS screen-reader. During Plaintiff's separate visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website.

Defendant offers the commercial website Hillstone.com, to the public. The website offers features which should allow all consumers to access the goods and services offered in connection with its brick-and-mortar locations. Defendant's website provides consumers with access to an array of goods, services and information related to Defendant's brick-and-mortar locations which include, but are not limited to, the following: menu item descriptions, dining guidelines and attire requirements, career opportunities, store location information and many other benefits.

While attempting to navigate Hillstone.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to:

    a.    The home page has graphics, links, and buttons that are not labeled or are incorrectly labeled, or lack alternative text ("Alt-text");

    b.    Plaintiff encountered multiple pages containing unlabeled graphics, links, and buttons while navigating the Website;

  c. Plaintiff encountered multiple pages containing insufficient navigational headings requiring Plaintiff to expend substantial additional time to access information;

  d. Plaintiff was unable to make a purchase because of an inaccessible checkout system; and

  e. Plaintiff was unable to make a reservation because of an inaccessible reservation system.

 Since as early as August of 2019, as a result of the barriers on the Website, Plaintiff continues to be deterred on a regular basis from accessing the Website. Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in connection with Defendant's brick-and-mortar locations.

 <u>Defendant</u>:  Defendant denies that its website is inaccessible and denies any and all liability.

**2. Principal Issues In The Case**

 <u>Plaintiff</u>:

 The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/remediate the access barriers on the Website; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

 <u>Defendant</u>:

 The principal legal issues are:  (1) whether access barriers are present on the Website, (2) what constitutes an "access barrier" on a website under the ADA, and (3) whether Plaintiff was in fact denied access to Defendant's brick-and-mortar locations.

**3. Additional Parties and Amended Pleadings**

 <u>Plaintiff</u>:

 Plaintiff does not believe he is likely to seek to add other parties. Plaintiff will amend to assert a violation of the Americans With Disabilities Act.

Defendant:

Defendant requests the Court promptly set a deadline to amend the pleadings or add additional parties to avoid any undue delay.

**4.      Contemplated Law And Motion Matters**

Plaintiff:

Plaintiff plans on filing a motion for summary judgment once she has completed the necessary discovery.

Defendant:

Defendant plans on filing a motion for summary judgment once it has completed the necessary discovery.

**5.      Settlement and Settlement Procedure**

Plaintiff is ready and willing to engage in informal settlement discussions.

Plaintiff:

In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.

Defendant:

Defendant agrees to ADR Procedure No. 2.

**6.      Discovery Plan**

Plaintiff proposes that discovery shall commence immediately upon the parties' meet and confer efforts in accordance with FRCP 26(d). The parties assert that phasing of discovery is not necessary in this instance.

Plaintiff:

Plaintiff intends on propounding written discovery. Following written discovery, Plaintiff plans on deposing Defendant's employees and "person(s) most knowledgeable" under Rule 30(b)(6), and Defendant's expert(s).

Plaintiff proposes the following schedule for discovery:

- Fact Discovery Cut-Off: May 4, 2020

- Last Day to Serve Initial Expert Reports:  April 2, 2020
- Last Day to Serve Rebuttal Expert Reports:  May 4, 2020
- Expert Discovery Cut-Off:  June 30, 2020

<u>Defendant:</u>

Defendant intends to propound interrogatories, requests for admissions and document requests regarding Plaintiff's claims and alleged damages.

Defendant also intends to take Plaintiff's deposition as well as the deposition of his expert(s).

**7.   Trial Estimate**

Plaintiff requests a jury trial.  Plaintiff currently estimates that a trial of this action will require 4-5 days.

Defendant agrees with plaintiff's estimate.

**8.   Other Issues and Schedule**

<u>Plaintiff:</u>

None at this time.  Plaintiff reserves his right to raise and address any additional issues as they may arise.

<u>Defendant:</u>

None at this time.  Defendant reserves the right to raise and address any additional issues as they may arise.

The parties propose the following pre-trial and trial schedule:

- Fact Discovery Cut-Off:  May 4, 2020
- Deadline for Motions to be Heard:  June 29, 2020
- Final Pretrial Conference Date:  August 10, 2020
- Trial Date:  October 6, 2020

<u>Defendant:</u>

 Defendant agrees.

Respectfully submitted,

Dated: October 9, 2019          MANNING LAW, APC


                                By: /s/ *Joseph R. Manning, Jr.*
                                    JOSEPH R. MANNING, JR.
                                    Attorneys for Plaintiff, Louis Do



Dated: October 9, 2019          SHEPPARD, MULLIN, RICHTER &
                                HAMPTON LLP


                                By: /s/  *Michael J. Chilleen*
                                    MICHAEL J. CHILLEEN
                                    Attorneys for Defendant, Hillstone
                                    Restaurant Group, Inc.

SMRH:4838-4703-5305.1                   -6-

**JOINT RULE 26(f) REPORT**